IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03159-BNB

CHRISTOPHER B. GALUSHA,

    Plaintiff,

v.

ADAMS COUNTY COURTS,
DA'S OFFICE,
THE GENTLEMAN'S CLUB, and
OFFICE, DETECTIVE,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Christopher B. Galusha, is an inmate at the Adams County Detention Facility in Brighton, Colorado. Mr. Galusha initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On December 5, 2013, Mr. Galusha tendered to the court for filing in this action an amended Prisoner Complaint (ECF No. 8) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 11). The court must construe these pleadings liberally because Mr. Galusha is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Galusha will be ordered to file an amended complaint using the court-approved Prisoner Complaint if he wishes to pursue his claims in this action.

    The court has reviewed the pleadings filed by Mr. Galusha and finds that they are

deficient.  First, Mr. Galusha may not file both a civil rights complaint and an application for a writ of habeas corpus in the same action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).  Although not entirely clear, it appears that the only relief Mr. Galusha seeks in this action is an award of damages.  He does not request as relief to be released from custody.  Therefore, his claims for damages properly are asserted in a civil rights action using the court-approved Prisoner Complaint form.  If, in addition to his claims for damages, Mr. Galusha also intends to pursue a claim or claims for habeas corpus relief, he must commence a separate habeas corpus action that will be assigned a different civil action number.

The pleadings Mr. Galusha has filed also are deficient because neither of the Prisoner Complaints is signed.  Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."  Fed. R. Civ. P. 11(a).  Because Mr. Galusha will be ordered to file an amended complaint using the court-approved Prisoner Complaint form, he will not be required to resubmit a signed copy of each of the Prisoner Complaints already submitted to the court.  However, Mr. Galusha must sign the amended complaint he will be ordered to file.

Finally, the court finds that the pleadings Mr. Galusha has submitted are deficient because they do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Galusha asserts three claims in each pleading based on lost wages, false arrest and imprisonment, and his inability to complete a college degree program. He asserts these claims pursuant to 42 U.S.C. § 1983 in the Prisoner Complaints. However, it is not clear exactly who the claims are asserted against, whether the claims properly may be asserted pursuant to § 1983, or what specific facts support each asserted claim.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). It does not appear that the Defendants identified as "Adams County Courts" and the "DA's Office" are persons subject to suit under § 1983 and it does not appear that the Defendant identified as "The Gentleman's Club" is a state actor subject to suit under § 1983. To the extent Mr. Galusha may intend to assert his claims against one or more law enforcement officers or detectives, he must identify the specific law enforcement officers or detectives he contends actually violated his rights and he should name those individuals as Defendants.

In addition to identifying proper Defendants for his claims, Mr. Galusha also must allege specific facts in support of those claims that demonstrate his rights have been violated. For each claim he asserts Mr. Galusha must explain "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Galusha file, **within thirty (30) days from the date of this**

**order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Galusha shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Galusha fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED December 9, 2013, at Denver, Colorado.

> BY THE COURT:
>
>  s/ Boyd N. Boland
> United States Magistrate Judge